## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J. SCOTT LAMBERT,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ACE INA HOLDINGS, INC., et al.,** | : | **No. 15-3717** |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                    FEBRUARY ___, 2017

Life Insurance Company of North America (LINA) seeks a stay of an arbitration between

Mr. Lambert and the other Defendants in this matter and asks the Court to decide the remaining

issue in that arbitration, namely, the amount of long term disability benefits to which Mr.

Lambert is entitled.[1] Mr. Lambert opposes the motion, noting that the arbitration agreement is

between him and ACE, not LINA, and arguing that the arbitrator has already decided that Mr.

Lambert is entitled to benefits and should be permitted to decide the remaining issues in the suit

related to those already resolved. At oral argument, Mr. Lambert also expressed his intention to

voluntarily withdraw this suit without prejudice. The Court heard oral argument on LINA's

motion and will now deny it and close this case.

### BACKGROUND

J. Scott Lambert started working for ACE in late 2003. In 2009 he was promoted to

Chief Operating Officer, Foreign Casualty and Global Services. As a top executive, Mr.

Lambert was eligible for long term disability benefits (among many other benefits), and he also

purchased supplemental long term disability benefits under ACE's policy. On July 31, 2010, Mr.

---

[1] The Court notes that the ACE Defendants have not taken a position on LINA's motion.

Lambert suffered a severe head injury, which caused cognitive impairment, severe migraines, chronic fatigue, dizziness, nausea, and pain. As a result, he could not perform his job as COO, and he ceased working on September 10, 2010. He was approved to receive long term disability benefits in June, 2011.[2] Six months after approving his benefits, however, Defendants requested more information to determine Mr. Lambert's ongoing eligibility for benefits, despite, as Mr. Lambert describes it, "comprehensive medical documentation of continuing sickness and debilitating symptoms." Mr. Lambert provided the requested information. Defendants then informed Mr. Lambert that they would cease paying benefits on January 8, 2012 (later amended to January 20, 2012). Mr. Lambert provided even more medical documentation, and the decision to terminate benefits was twice reversed. Eventually, however, Defendants ceased paying benefits, and Mr. Lambert was officially terminated as an employee, effective January 25, 2013.

Mr. Lambert filed suit against all Defendants in the Philadelphia Court of Common Pleas and at the same time sought arbitration against all Defendants, pursuant to an arbitration agreement with ACE. He claims that Defendants violated ERISA and the Pennsylvania Wage Payment and Collection Law, and that they breached their contract and fiduciary duties. Defendants removed the case to this Court on the basis of federal question jurisdiction. After a flurry of motions, the parties agreed to stay this case and allow Mr. Lambert to move forward with arbitration against ACE.

Mr. Lambert prevailed in the arbitration against ACE. Specifically, the arbitrator found that denial of benefits was not supported by substantial evidence and therefore was arbitrary and capricious, and that ACE had no role in the decision to terminate benefits. ACE then filed its

---

[2] According to the Complaint, ACE is the plan administrator and LINA is the insurer/claims administrator.

own suit against LINA, claiming that LINA has denied any duty to defend and indemnify ACE in the arbitration, instead offering only to defend ACE in the first count of Mr. Lambert's Complaint in this Court. ACE sought declaratory judgment, to enjoin LINA from not paying Mr. Lambert's past and future benefits and declare that LINA is bound by the arbitrator's findings. ACE also asserted claims for breach of contract, breach of fiduciary duty, indemnification/contribution, unjust enrichment, and bad faith. *See Chubb INA Holdings, Inc. v. Life Ins. Co. of N. Am.*, Civil Action No. 16-2431, Docket No. 1.[3] The parties to this second case settled the matter, and in August, 2016, the Court closed the case but retained jurisdiction for the purposes of enforcement of the settlement. *See id.*, Docket No. 12. The original case brought by Mr. Lambert against ACE and LINA is still pending, but has been in suspense ever since the parties agreed to arbitrate the portion of the case involving ACE and Mr. Lambert.

In late August, 2016, LINA sent the Court a letter explaining that pursuant to the settlement between ACE and LINA, LINA is the party responsible for paying the amounts owed to Mr. Lambert. Because LINA was not a party to the arbitration, it believes that this Court should calculate the appropriate amount of LTD benefits, not the arbitrator. Thus, it asked the Court to stay the arbitration, to the extent that the parties to the arbitration are now seeking assistance from the arbitrator in setting the past due benefits amount. Mr. Lambert responded that the arbitrator had expressly retained jurisdiction to calculate the amount of benefits due to Mr. Lambert should the parties not agree, and that despite the settlement between LINA and ACE, ACE was still the party on the hook for payment of benefits in connection with the dispute before the arbitrator, and ACE has agreed to arbitrate the matter pursuant to a binding arbitration agreement.

---

[3] After the first case was filed but before the second was filed, ACE has merged with Chubb.

3

In October, 2016, the Court conferred with the parties on the issue, at which time the parties were asked to formally brief the issue.  After LINA filed a motion and Mr. Lambert responded, the Court held oral argument.

## DISCUSSION

In its motion, LINA asks the Court "to enforce jurisdiction, partially stay arbitration, and adjudicate the parties' long-term disability benefit calculation dispute."  LINA argues that the Court specifically maintained jurisdiction over any disputes between it and Mr. Lambert, and that because LINA is the party responsible for calculating benefits, the dispute is between those two parties, not between ACE and Mr. Lambert.  LINA also argues that it intends to assert a counterclaim for an overpayment of benefits in the past.[4]

LINA attempts to draw a distinction between the arbitrator's decision that Mr. Lambert was entitled to benefits and the current questions regarding the amount of those benefits.[5]  LINA contends that the operative document in calculating benefits is the LINA LTD group insurance policy, not any agreement between Mr. Lambert and ACE.  LINA emphasizes that it is not a party to the agreement compelling ACE to arbitrate and cannot be forced to arbitrate its disputes. Indeed, LINA claims that the arbitrator lacks jurisdiction over LINA, as the Summary Plan Description specifically states that all appeals of claims decisions will be conducted by the claims administrator and any appeals of those decisions must be to a "court of competent

---

[4] Essentially, LINA claims that when it initially calculated benefits for Mr. Lambert, it used the wrong paystub and that Mr. Lambert at some point received retroactive SSDI benefits that should have been credited against the amounts paid out to him by LINA.  Because no answer was filed in this case yet, LINA has not fully articulated these anticipated counterclaims.

[5] LINA also states in a footnote that it does not concede that the arbitrator even had the authority to adjudicate the questions he already did, *i.e.*, whether Mr. Lambert is disabled and whether he is entitled to benefits under the ACE benefit plan.

4

jurisdiction." Not unexpectedly, LINA does not cite to any case law in favor of its specific arguments, although it cites some law in favor of broader principles of law.

Mr. Lambert counters that there was no change in the operative document, contrary to what LINA suggests. Rather, according to Mr. Lambert, the arbitrator was using the ACE LTD Plan to decide the disability and benefit entitlement issues, and will also use that same document to determine the benefit calculation. He contends that just because LINA has settled with ACE and agreed to pay the LTD benefits, ACE is not relieved of its obligations, and that therefore the remaining issues in the arbitration are still between ACE and Mr. Lambert. Mr. Lambert notes that to the extent that LINA offers the fact that LINA generally does benefit calculations, not ACE, as a reason that the current issues are not appropriate for arbitration, the same could be said for Mr. Lambert's status as disabled – an issue decided by the arbitrator as between Mr. Lambert and ACE, even though LINA was the entity that actually made all disability decisions.

As to the possible counterclaim by LINA, Mr. Lambert notes that no such counterclaim has yet been filed, it was never even mentioned until very recently, any such counterclaim would be untimely under ERISA, and, at best, it is a separate issue that has nothing to do with the calculation of the benefit to which Mr. Lambert is now entitled. Mr. Lambert argues that the efficient path would be to allow the arbitrator to finish what he started and decide on the benefit amount, rather than further delay the process by changing the venue of the dispute.

What LINA cannot avoid is that (1) the dispute currently pending in arbitration is between ACE and Mr. Lambert and (2) the only matter pending in this Court is Mr. Lambert's suit against LINA and ACE, which he now wishes to withdraw. Federal Rule of Civil Procedure 41(a)(1)(A) allows a plaintiff to withdraw an action without a court order or the consent of any other party if he does so before an answer or motion for summary judgment is filed, and here,

5

neither an answer nor a motion for summary judgment has been filed.  Absent an objection to the

arbitration raised by a party to that arbitration agreement or any sort of *actual, pending* claim

filed by a party who wishes to continue to litigate, the Court will not interfere with an arbitration

involving parties who mutually agree to having their disputes resolved therein.  *See State Street*

*Bank & Trust Co. v. Am. Olean Tile Co., Inc.*, Civil Action No. 91-2286, 1991 WL 75204, at *1

(E.D. Pa. May 2, 1991) (holding that a non-party to an arbitration proceeding had no standing to

challenge the arbitration). Thus, the Court will deny LINA's motion and will dismiss this case

without prejudice, as requested by Mr. Lambert.

## CONCLUSION

For the foregoing reasons, the Court will deny LINA's motion and dismiss the case

without prejudice.  An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge

6